# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00690-CR

**Alma Aboites-Acosta, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-09-0475, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Alma Aboites-Acosta has filed a notice of appeal from a judgment of conviction for the offense of injury to a child. The district court imposed sentence on June 21, 2012, and Aboites-Acosta timely filed a motion for new trial. Thus, the deadline for perfecting the appeal was September 19, 2012. *See* Tex. R. App. P. 26.2(a)(2). Aboites-Acosta filed his notice of appeal on October 12, 2012. On October 18, Aboites-Acosta also filed a motion for extension of time to file his notice of appeal, but the deadline for filing that motion was October 4, 2012. *See* Tex. R. App. P. 26.3.

Absent a timely filed notice of appeal, we lack jurisdiction to dispose of this appeal in any manner other than by dismissing it for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996). We are also without jurisdiction to grant a motion for extension of time that is filed more than fifteen days after

the date that the notice of appeal was due.  *See Olivo*, 918 S.W.2d 519.  Accordingly, we deny the motion for extension of time and dismiss the appeal for want of jurisdiction.[1]

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed:   January 9, 2013

Do Not Publish

---

[1]  The remedy for a late-filed notice of appeal is to file a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012).